AO 248 (Rev. 08/20) ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS

UNITED STATES OF AMERICA

v.

PATRICIA TORRES

Case No. EP-17-CR-00075(2)-DCG

ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

(COMPASSIONATE RELEASE)

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☐ GRANTED

☐ The defendant's previously imposed sentence of imprisonment of     is reduced to     . If this sentence is less than the amount of time the defendant already served, the sentence is reduced to a time served; or

☐ Time served.

If the defendant's sentence is reduced to time served:

☐ This order is stayed for up to fourteen days, for the verification of the defendant's residence and/or establishment of a release plan, to make appropriate travel arrangements, and to ensure the defendant's safe release. The defendant shall be released as soon as a residence is verified, a release plan is established, appropriate travel arrangements are made,

and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, the parties shall immediately notify the court and show cause why the stay should be extended; or

☐ There being a verified residence and an appropriate release plan in place, this order is stayed for up to fourteen days to make appropriate travel arrangements and to ensure the defendant's safe release. The defendant shall be released as soon as appropriate travel arrangements are made and it is safe for the defendant to travel. There shall be no delay in ensuring travel arrangements are made. If more than fourteen days are needed to make appropriate travel arrangements and ensure the defendant's safe release, then the parties shall immediately notify the court and show cause why the stay should be extended.

☐ The defendant must provide the complete address where the defendant will reside upon release to the probation office in the district where they will be released because it was not included in the motion for sentence reduction.

☐ Under 18 U.S.C. § 3582(c)(1)(A), the defendant is ordered to serve a "special term" of ☐ probation or ☐ supervised release of _____ months (not to exceed the unserved portion of the original term of imprisonment).

☐ The defendant's previously imposed conditions of supervised release apply to the "special term" of supervision; or

☐ The conditions of the "special term" of supervision are as follows:

☐ The defendant's previously imposed conditions of supervised release are unchanged.

☐ The defendant's previously imposed conditions of supervised release are modified as follows:

☐ DEFERRED pending supplemental briefing and/or a hearing. The court DIRECTS the United States Attorney to file a response on or before _____, along with all Bureau of Prisons records (medical, institutional, administrative) relevant to this motion.

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED (Optional)

In July 2017, Defendant pleaded guilty to one count of conspiracy to possess with intent to distribute cocaine, in violation of 21 U.S.C. § 841(a)(1), (b)(1)(A)(ii), and 21 U.S.C. § 846. ECF No. 126. On January 18, 2018, the Court sentenced her to 160 months of imprisonment, with an eligible release date of April 25, 2028. ECF No. 170. To date, Defendant has served 47 months—or 29 percent—of that sentence. Defendant is currently incarcerated at FMC Carswell, located in Fort Worth, Texas, which has had 6 inmate deaths and 513 inmates recover from COVID-19. See Federal Bureau of Prisons, COVID-19 Cases, at https://www.bop.gov/coronavirus/ (last visited Nov. 16, 2020). As of today, the Bureau of Prisons ("BOP") reported that two inmates and three staff members are positive with COVID-19. Id.

Defendant claims to have mailed a formal written request for compassionate release with BOP on September 21, 2020. Mot., Ex. C. To date, the record does not clearly reflect whether BOP ever received her request or denied it. Thus, the record is unclear as to whether Defendant has satisfied

the exhaustion requirement for the relief she seeks. See 18 U.S.C. § 3582 (c)(1)(A) (noting that a defendant must exhaust administrative remedies with BOP or wait until 30 days have passed after receipt of her request for compassionate release without a response, whichever comes first).

But even assuming that Defendant has satisfied the exhaustion requirement, the Court concludes that relief is not warranted in this case. First, the record shows no "extraordinary and compelling reasons" under § 3582(c)(1)(A) that warrant reducing Defendant's sentence. Defendant is 60 years old and claims to suffer from a history of colon cancer, high blood pressure, arthritis, back problems, shortness of breath, PTSD, and anxiety. Mot. at 2. However, the Center for Disease Control ("CDC") has not identified arthritis, back problems, shortness of breath, PTSD, or anxiety as medical conditions that elevate one's risk of becoming seriously ill with COVID-19. See Center for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19): People With Certain Medical Conditions (last updated Nov. 2, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

To be sure, recent medical records show that Defendant has a history of colon cancer, for which she underwent through a colectomy and chemotherapy treatment in 2014. Mot., Ex. A at 3, 7. However, those same records also indicate that Defendant had a colonoscopy in 2018 that came back "clear" and no other medical record appears to indicate that Defendant currently suffers from colon cancer. Id. To date, the CDC has not identified whether a history of cancer as elevating one's risk of becoming seriously ill with COVID-19. See Center for Disease Control and Prevention, Coronavirus Disease 2019 (COVID-19): People With Certain Medical Conditions (last updated Nov. 2, 2020), https://www.cdc.gov/coronavirus/2019-ncov/need-extra-

precautions/people-with-medical-conditions.html ("Having cancer currently increases your risk of severe illness from COVID-19. At this time, it is not known whether having a history of cancer increases your risk."). Based on the record, only Defendant's hypertension, when viewed together with her age, could potentially be considered an "extraordinary and compelling reason" under § 3582(c)(1)(A). Yet, Defendant fails to establish how such circumstances substantially diminish her ability to provide for self-care within the environment of a correctional facility. U.S.S.G. §1B1.13, comment. n.1(A)(i), (A)(ii)(I), (D).

And even assuming that "extraordinary and compelling reasons" are present here, after considering the sentencing factors in 18 U.S.C. § 3553(a), the Court concludes that they do not favor a sentence reduction in this case. While Defendant was sentenced for a non-violent offense and she has no other criminal history, the record shows that she is a member of a drug-trafficking organization and that her offense conduct also involved issuing threats to kidnap and kill an undercover federal agent in furtherance of the conspiracy to possess and distribute cocaine with her co-defendants. As such, if she were to recidivate, Defendant could likely pose "a danger to the safety of any person or to the community." U.S.S.G. § 1B1.13(2).

Further, as mentioned above, Defendant has only served about forty-seven months of her 160-month sentence. Thus, the Court is of the view that reducing her sentence to time served would not reflect the seriousness of her offense, afford adequate deterrence to criminal conduct, or protect the public from further crimes. 18 U.S.C. § 3553(a)(2). And finally, a sentence reduction here would also defeat "the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." Id. § 3553(a)(6).

☐ DENIED WITHOUT PREJUDICE because the defendant has not exhausted all administrative remedies as required in 18 U.S.C. § 3582(c)(1)(A), nor have 30 days lapsed since receipt of the defendant's request by the warden of the defendant's facility.

IT IS SO ORDERED.

Dated:

November 18, 2020

_____
DAVID C GUADERRAMA
UNITED STATES DISTRICT JUDGE